**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4524**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIAM THOMAS BAILEY,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:20-cr-00056-BO-1)

─────────────

Submitted:  April 25, 2023                          Decided:  May 22, 2023

─────────────

Before WILKINSON, KING, and AGEE, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  D. Baker McIntyre III, Charlotte, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lisa K. Labresh, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Thomas Bailey pled guilty to manufacturing or producing child pornography, in violation of 18 U.S.C. § 2251(a), (e), and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1). The district court sentenced Bailey to 500 months' imprisonment and imposed a lifetime term of supervised release. On appeal, Bailey argues that his plea was not knowing and voluntary and that the district court plainly erred in imposing special conditions of supervised release because it did not explain why it was imposing the conditions. While we vacate the special conditions of supervised release, we affirm the district court's judgment in all other respects.

Before accepting a guilty plea, the district court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

Because Bailey did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks

2

omitted). "In the Rule 11 context, this inquiry means that [Bailey] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (internal quotation marks omitted). "Although the reasonable probability standard is a demanding one, a defendant need not prove by a preponderance of the evidence that but for error things would have been different." *United States v. Lockhart*, 947 F.3d 187, 192 (4th Cir. 2020) (en banc) (internal quotation marks omitted). Rather, "a defendant must satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Id.* at 192-93 (internal quotation marks omitted).

Although the district court's Rule 11 colloquy had several omissions, we conclude that Bailey has not established that he would not have pled guilty but for the court's errors and omissions. Much of the omitted information was contained in the plea agreement, and a Rule 11 error is not prejudicial when the neglected information is included in the defendant's plea agreement. *See United States v. General*, 278 F.3d 389, 394-95 (4th Cir. 2002). Because the errors did not "fatally infect the" proceedings to the extent that they undermined its "fundamental fairness," we decline to apply the cumulative error doctrine. *See United States v. Runyon*, 707 F.3d 475, 520 (4th Cir. 2013).

The Government contends that Bailey's challenge to the terms of supervised release is barred by the waiver of appellate rights in his plea agreement. When the Government seeks to enforce an appeal waiver, we will uphold the waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues

3

raised on appeal fall within the waiver's scope. *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). "Whether a defendant knowingly and intelligently agreed to waive his right of appeal must be evaluated by reference to the totality of the circumstances." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010) (internal quotation marks omitted). A waiver is generally valid "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

The district court did not strictly comply with Fed. R. Crim. P. 11(b)(1)(N). Rather than fully review the terms of the appellate waiver with Bailey, the district court informed Bailey that he was pleading guilty and, as part of that process, "waive[d his] right to appeal." (J.A. 20).[*] This was the only mention of the appellate waiver during the plea hearing and the court did not ask whether Bailey understood the significance of the waiver. Although a district court's failure to strictly comply with its obligation under Rule 11(b)(1)(N) to ensure that a defendant understands the terms of his appeal waiver provision "will not alone render an appellate waiver unenforceable, a waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision . . . and the record indicates that the defendant did not otherwise understand the full significance of the waiver." *Manigan*, 592 F.3d at 627 (cleaned up). And the context here is critical—the district court's failure to fully comply with Rule

---

[*] "J.A." refers to the Joint Appendix filed by the parties.

4

11(b)(1)(N) was one of nearly a dozen errors and omissions during the plea colloquy. While we are confident that these other errors did not prejudice Bailey, the district court's failure to advise Bailey of the appellate waiver was prejudicial. Accordingly, we decline to apply the waiver in this case.

Turning to the special conditions of supervised release, because Bailey did not object to the conditions at sentencing, our review is for plain error. *United States v. McMiller*, 954 F.3d 670, 675 (4th Cir. 2020). "[A]s with other parts of a sentence, the district court must adequately explain any special conditions of supervised release." *United States v. Arbaugh*, 951 F.3d 167, 178 (4th Cir. 2020). "Unless a district court explains why particular special conditions are being imposed, we have no basis for determining whether they are reasonably related to [the 18 U.S.C. § 3583(d)] factors." *McMiller*, 954 F.3d at 676 (internal quotation marks omitted). However, "there may be instances when a special condition is so unobtrusive, or the reason for it so self-evident and unassailable, that remand will be unnecessary." *Id.* at 677.

It is important that the district court imposed a lifetime term of supervised release. "A defendant's right to know why he faces special conditions that will forever modify the course of his life is substantial." *Id.* (internal quotation marks omitted). The district court failed to explain why it imposed the 20 special conditions, many of which are extremely onerous. "[W]hen a court's explanation for such special conditions is so lacking that it deprives the defendant of meaningful appellate review, that error necessarily affects the defendant's substantial rights." *Id.* Although the special conditions were contained in the presentence report (PSR), and Bailey did not object to the PSR, we have vacated special

5

conditions on plain-error review when the district court imposed "special conditions set forth in the recommended conditions of supervision" without any explanation. *United States v. Ross*, 912 F.3d 740, 746 (4th Cir. 2019).

Therefore, we vacate the special conditions of supervised release as procedurally unreasonable "and remand to the district court for further explanation." *McMiller*, 954 F.3d at 677. We affirm the district court's judgment in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*